McDERMOTT, Respondent, *v.* MURPHY et al., Appellants.

[Argued July 9, 1891.  Decided August 10, 1891.]

Sheriffs—*Agency—Ratification.*—Where a sheriff has employed a custodian of attached property at the request of the attorneys of the attaching creditors, who subsequently made payments to such custodian with knowledge of his employment, they cannot afterwards repudiate the action of their attorneys as unauthorized, in an action by such sheriff to recover the balance of the custodian's compensation.

Same—*Fees of custodian of attached property.*—A sheriff being responsible for the preservation of attached property has the power to choose his own custodian, and the attaching creditors are not relieved from liability for the reasonable cost of his services by reason of the sheriff having rejected one appointed by them.

Same—*Recovery of custodian's fees.*—Where a sheriff had been informed by the attorneys of the attaching creditors that the fees of his custodian "would have to be settled upon the taxation of costs in the attachment suits when the judgment was rendered, when, upon presentation, the court would determine what keeper's fees he was entitled to charge," his failure to present such claim until after the rendition of the judgment will not relieve the attaching creditors from liability therefor, where he was not an officer of the county where the judgment was rendered, and had no knowledge of its rendition at the time.

*Appeal from Fifth Judicial District, Jefferson County*

Action by a sheriff to recover fees for keeping attached property.  The cause was tried before Galbraith, J.  Plaintiff had judgment below.

*Toole & Wallace,* for Appellants.

An attorney by virtue of his employment cannot bind his client to any liability for the sheriff's fees in question.  (1 Lawson's Rights, Remedies, and Practice, § 171, p. 286.)  This being a claim by a sheriff for keeper's fees he cannot recover, never having had them taxed in either of the original actions, and never having demanded his fees in advance.  Sections 518 and 521, page 196 of the Compiled Statutes, declare the right of a litigant to an itemized statement from the officer of his fees in advance, or, if not, he shall only be compelled to pay upon a fee bill issued by the clerk for costs taxed prior to the judgment.  Section 509, page 194, contemplated the taxing of every sheriff's fee as a part of the costs prior to or at the time of the rendition of the judgment, and a determination of the question of the

amount of the sheriff's claim then and there as between himself
and the party who has had his official services in the suit, and
when so determined they become "allowed by law," and may be
properly obtained by the sheriff upon a fee bill afterwards issued.
Section 134, page 536, and section 864, page 874, expressly for-
bid him having or obtaining or demanding fees by virtue of
*express contracts*, or in any other manner than upon an allow-
ance by law.   To the same effect, but in different phraseology,
are section 1098, page 952 of the Compiled Statutes, and also
section 17, page 153 of the Laws of 1889.   That the word
"fees," as used in this statute, comprehends all of the expenses
attending the levy, see 7 Am. & Eng. Encycl. of Law, p. 820,
n.; *Camp* v. *Bates*, 13 Conn. 9.   And that the sheriff cannot
recover under these circumstances, see *Geil* v. *Stevens*, 48 Cal.
590; *Lane* v. *McElhany*, 49 Cal. 421; *Bower* v. *Rankin*, 61
Cal. 108.

*Cowan & Parker*, for Respondent.

The unauthorized acts of an attorney may become binding on
the client by ratification.   (1 Lawson's Rights, Remedies, and
Practice, § 175, p. 294.)   The acts of the attorney were rati-
fied in this case by the payment of $300 upon respondent's
claim, after knowledge of all the facts.   The respondent was
sheriff of Jefferson County, and these two attachment suits were
pending in Lewis and Clarke County; he could not, therefore,
make specific demands for advance custodian's costs, neither
could he have filed an itemized or other statement of the same
for taxation in the judgments obtained, for the reason that he
received no notice of the rendition of such judgments.   Respond-
ent was liable on his official bond for the safety of this prop-
erty, and committed no error in refusing to surrender it to a
stranger sent out by appellants to receive it.

Blake, C. J. — This action was tried by the court without
a jury, and the findings of facts were, in substance, as follows:
The respondent was the sheriff of Jefferson County, Territory
of Montana, during the years 1885 and 1886.   Two writs of
attachment issued October 15, 1885, out of the District Court
of Lewis and Clarke County, in two actions, then commenced,.

respectively, by the said appellants, as the plaintiffs, against the McGregor Mining Company, and were forwarded by mail to the respondent by their attorneys, with directions to this officer to levy upon and attach all the real and personal property of said company in said Jefferson County. By these writs the sheriff was commanded to attach and safely keep all of such property, in one case to answer the sum of $4,806.99 and costs, and in the other to answer the sum of $2,807 and costs. The respondent returned, October 27, 1885, to the District Court of Lewis and Clarke County, said writs of attachment, whereon he certified that certain property had been levied upon, and that the amount of his fees under each writ was $30.45. The respondent hired, October 19, 1885, Edward Weimer, at the request of the attorneys of the appellants, and placed him as custodian in charge of the attached property, and agreed to pay him for his services at the rate of four dollars per day. The appellants and their attorneys were "aware from the start of Weimer's said employment, and of his acting thereunder," a period of 465 days. The respondent, prior to December 5, 1885, notified the parties of the charge for the custodian, and requested payment thereof; but the appellants were dissatisfied therewith, and sent, December 10, 1885, one Taylor, as their agent, to take possession of the property. The respondent refused to relinquish the custody thereof, and was informed in February, 1886, by said attorneys that this matter "would have to be settled upon the taxation of costs in the attachment suits when the judgment was rendered; when upon presentation of his claim, the court would determine what keeper's fees he was entitled to charge. . . . . Upon the proper order of plaintiff, McDermott, drawing on the defendants herein, and the plaintiffs in said attachment suits, the said defendants on the first day of July, 1886, paid to said Weimer, upon his claim for services, the sum of $200; and upon the twenty-second day of August, 1886, the further sum of $100; and that they thereafter refused to further pay any of said claim." Judgment was entered December 7, 1886, in each of said suits, in favor of the respective appellants, and against said company, for said sums and costs. No claim of fees or costs for the expense of the custodian was filed by the respondent until he learned through the newspapers

of the entry of the judgments, when he sent by letter, postage prepaid, a copy of his bill therefor to the clerk of the District Court of Lewis and Clarke County, and also to each of the appellants. The costs which were taxed did not include any part of the amount in controversy.

The following were the conclusions of law: "(1) That considering the nature and character of the property attached, to wit, among other things, machinery and fixtures, it was necessary and proper for the sheriff, to wit, the plaintiff, to employ Weimer, or some other proper custodian, to take care and protect said property. (2) That the amount agreed to be paid said Weimer for his services per day is reasonable. (3) That the plaintiff has sent by mail, postage prepaid, to the clerk of the proper court of Lewis and Clarke County, and to the defendants, a statement of said claim for Weimer's services; . . . . that said statement was received by said clerk, and also by said plaintiffs; and that, unexplained, it was the duty of the plaintiffs' attorneys to have filed said statement with said clerk in due form, in order that the proper court might take proper action thereon. (4) That said attorneys, as a matter of law, had full power and authority to bind said clients, to wit, Murphy and Clarke, by their said action, touching the employment by this plaintiff of said Weimer as custodian." Judgment was entered thereon for the respondent. This appeal has been taken from the order overruling the motion for a new trial. We are satisfied, from an examination of the evidence, that the findings of the facts should not be disturbed, and it is our province to draw the legal deductions.

The appellants deny the authority of an attorney, by virtue of his employment, to bind his clients for the payment of the services of said Weimer as the custodian. The respondent asserts that this is like any other case of agency, and that the acts of the attorney, which are unauthorized, can be ratified by the principal. It is shown by the findings that the appellants knew "from the start" of the employment of Weimer, and made partial compensation therefor, and a discussion of these points is rendered useless. We shall deal with the action as if it were based upon an agreement which had been made by the appellants and respondent. It has been stated that the services

of Weimer were necessary for the protection of the attached property; that the amount which was paid for the same by the respondent was reasonable; and that a statement of the costs and fees embracing this item should have been filed by the appellants in the proper court for taxation.

The sole question is whether, under the statutes prescribing the duties and fees of sheriffs, which were in force during the aforesaid times, this action is prohibited. Our attention has not been directed to any law of this nature. The respondent was liable for the preservation of the property, and had the power to appoint his agents, and could lawfully reject Taylor as a custodian. The appellants by this conduct recognized the necessity for the services of Weimer or some person in this respect. The respondent did not live in the county in which the judgments were entered against said company, and had no opportunity to be heard in relation to his compensation in the District Court of Lewis and Clarke County. It was not his fault that the promise of the attorneys for the appellants for the settlement of this controversy at the time of the entry of the said judgments was not fulfilled. The authorities are controlled by statutes to such an extent that we derive from them slight aid, and content ourselves with these references: Crocker on Sheriffs [2d ed.], § 824; Smith on Sheriffs, pp. 524–526; Mecham on Public Offices, § 889.

It is therefore ordered and adjudged that the judgment be affirmed.

*Affirmed.*

HARWOOD. J., and DE WITT, J., concur.